The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated:  June 2 2017

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.  17-30502 |
| | ) | |
| Terry Lee Walter and | ) | Chapter 13 |
| Carol Sue Walter, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION TO DENY DISCHARGE

This case came before the court for hearing on the Chapter 13 Trustee's Motion to Deny Discharge under 11 U.S.C. § 1328(f)(1) ("Motion") [Doc. # 16] and Debtor's response [Doc. # 21]. The Trustee appeared in person at the hearing, and Debtors' counsel appeared by telephone. For the reasons that follow, the Trustee's Motion will be denied.

### BACKGROUND

The relevant facts are straight forward and are not in dispute. Before commencement of this case, Debtors had previously filed a Chapter 13 case on September 29, 2010.  [Case No. 10-36647, Doc. ## 1]. The case was converted to a Chapter 7 case on July 22, 2014. [*Id.* at Doc. # 140].  Debtors received a Chapter 7 discharge in that case on November 19, 2014.  [*Id.* at Doc. # 157].  They filed a petition for relief in this Chapter 13 case on March 1, 2017.  The Trustee timely filed her Motion to Deny Discharge  on March 9, 2017.  *See* Fed. R. Bankr. P. 4004(a).

## LAW AND ANALYSIS

The Trustee argues that Debtors are not entitled to a Chapter 13 discharge pursuant to 11 U.S.C. § 1328(f)(1), which provides as follows:

> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge –
>
> (1) in a case filed under chapter 7 . . . of this title during the 4-year period preceding the date of the order for relief under this chapter. . . .

The date of the order for relief in this case is March 1, 2017, the date Debtors' Chapter 13 petition was filed. *See* 11 U.S.C. § 301 (providing that a voluntary case is commenced by filing a petition and "commencement of a voluntary case . . . constitutes an order for relief. . . ."). However, the parties disagree on when the clock began running with respect to the four-year period set forth in § 1328(f)(1). According to the Trustee, it began running on July 22, 2014, the date that Debtors' prior case was converted to Chapter 7, which date occurred during the four-year period preceding March 1, 2017. Debtors, on the other hand, argue that the clock began running on September 29, 2010, when their prior case was originally filed and well before the four-year look-back period.

In *Carroll v. Sanders (In re Sanders)*, 551 F.3d 397 (6th Cir. 2008), the Sixth Circuit Court of Appeals held that the time period under § 1328(f)(1) is measured from the filing date of the prior petition to the filing date of the current petition. *Id.* at 399. The court rejected the argument that it should be measured from the date the debtor received his Chapter 7 discharge in the prior case. *Id.*

Although the debtor's prior case in *Sanders* was filed as a Chapter 7 and was not a case converted from Chapter 13, as is the situation in this case, the court finds that to be a distinction without a difference for purposes of applying § 1328(f)(1). The effect of conversion of a case is addressed in § 348, which provides in relevant part:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a). Thus, "when a debtor converts a Chapter 13 case to Chapter 7, the order converting the case is effectively backdated to the time of the order for relief under Chapter 13, which is the date of the filing of the Chapter 13 petition." *In re Michael*, 699 F.3d 305, 310 (3d Cir. 2012); *accord Leavitt v. Finney*

2

*(In re Finney)*, 486 B.R. 177, 180 (B.A.P. 9th Cir. 2013) (citing cases). This court has previously recognized that § 1328(f)(1) must be read in conjunction with § 348(a) where a case has been converted. *See In re Gregory,* No. 08-35071, 2014 WL 1089806, *2 (Bankr. N.D. Ohio Mar. 19, 2014); *In re Johnson*, 488 B.R. 46, 47-48 (Bankr. D. Mass. 2013) (citing cases and agreeing with the majority view that § 1328(f)(1) must be interpreted where a conversion has occurred "through the prism of § 348(a)").

Pursuant to § 348(a), Debtors' prior Chapter 7 bankruptcy case, although converted from a Chapter 13 case on July 22, 2014, is deemed to have been filed on September 29, 2010, the date their prior Chapter 13 case was filed. *See In re Lewis*, 376 B.R. 849, 850, n.1 (Bankr. M.D. Tenn. 2007). As the filing date, not the conversion date, controls the time measurement under § 1328(f)(1), Debtors' discharge in their prior Chapter 7 case, which was filed more than four years before filing their current Chapter 13 petition, does not bar them from receiving a discharge in this case.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Motion to Deny Discharge [Doc. # 16] be, and hereby is, **DENIED.**

###